# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. R & R LITIGATION, LLC; <br><br> Plaintiffs, <br><br> v. <br><br> VIBRA HEALTHCARE CORPORATE, LLC; VIBRA HOSPITAL OF AMARILLO, LLC; VIBRA HOSPITAL OF BOISE, LLC; VIBRA HOSPITAL OF CHARLESTON, LLC; VIBRA HOSPITAL OF FARGO, LLC; VIBRA HOSPITAL OF MAHONING VALLEY, LLC; VIBRA HOSPITAL OF NORTHWESTERN INDIANA, LLC; VIBRA HOSPITAL OF RICHMOND, LLC; VIBRA HOSPITAL OF SACRAMENTO, LLC; VIBRA HOSPITAL OF SAN BERNARDINO, LLC; VIBRA HOSPITAL OF WESTERN MASSACHUSETTS, LLC; VIBRA REHABILITATION HOSPITAL OF AMARILLO, LLC; VIBRA REHABILITATION HOSPITAL OF DENVER, LLC; VIBRA REHABILITATION HOSPITAL OF EL PASO, LLC; VIBRA REHABILITATION HOSPITAL OF FLORENCE, LLC; VIBRA REHABILITATION HOSPITAL OF SOUTHERN INDIANA, LLC; VIBRA SPECIALTY HOSPITAL OF DALLAS, LLC; VIBRA SPECIALTY HOSPITAL OF PORTLAND, LLC; NEXT STEP HEALTHCARE, LLC; | CIVIL ACTION NO. <br><br><br> FILED IN CAMERA AND UNDER SEAL <br><br><br> COMPLAINT AND DEMAND FOR JURY TRIAL |

FILED
IN CLERKS OFFICE
2021 MAR 25  AM 10: 50
U.S. DISTRICT COURT
DISTRICT OF MASS.

NEXT STEP MA MASTER SUBTENANT, LLC;
NEXT STEP MA NH GEN MASTER TENANT, LLC;
NEXT STEP MA NH MASTER TENANT, LLC;
NEXT STEP ME MASTER SUBTENANT, LLC;
POST ACUTE PARTNERS MANAGEMENT, LLC;
WOODMARK PHARMACY OF CT, LLC;
WOODMARK PHARMACY OF MASSACHUSETTS, LLC;
WOODMARK PHARMACY OF NEW YORK, LLC;
1019 WICKER STREET OPERATING COMPANY, LLC;
104 OLD NIAGRA ROAD OPERATING COMPANY, LLC;
111 ENSMINGER ROAD OPERATING COMPANY, LLC;
112 SKI BOWL ROAD OPERATING COMPANY, LLC;
1404 LONG POND ROAD OPERATING COMPANY, LLC;
1818 COMO PARK BOULEVARD OPERATING COMPANY, LLC;
185 OLD MILITARY ROAD OPERATING COMPANY, LLC;
200 BASSETT ROAD OPERATING COMPANY, LLC;
225 BENNETT ROAD OPERATING COMPANY, LLC;
229 BENNETT ROAD OPERATING COMPANY, LLC;
245 BASSETT ROAD OPERATING COMPANY, LLC;
2600 NIAGARA FALLS BOULEVARD AL OPERATING COMPANY, LLC;
2600 NIAGARA FALLS BOULEVARD OPERATING COMPANY, LLC;
2850 GRAND ISLAND BOULEVARD OPERATING COMPANY, LLC;
37 NORTH CHEMUNG STREET OPERATING COMPANY, LLC;

44 BALL STREET OPERATING COMPANY,
LLC;
4459 BAILEY AVENUE OPERATING
COMPANY, LLC;
4800 BEAR ROAD OPERATING COMPANY,
LLC;
5271 MAIN STREET OPERATING
COMPANY, LLC;
5775 MAELOU DRIVE OPERATING
COMPANY, LLC;
580 ORCHARD PARK ROAD OPERATING
COMPANY, LLC;
626 WATERLIET SHAKER ROAD
OPERATING COMPANY, LLC;
76 BUFFALO STREET OPERATING
COMPANY, LLC;
ELDERWOOD ADMINISTRATIVE
SERVICES, LLC;
ELDERWOOD DEVELOPMENT, LLC; and
ELDERWOOD STAFFING SOLUTIONS, LLC;

Defendants.

FILED
IN CLERKS OFFICE

2021 MAR 25  AM 10: 51

U.S. DISTRICT COURT
DISTRICT OF MASS.

## QUI TAM COMPLAINT FOR VIOLATIONS OF THE FEDERAL FALSE CLAIMS ACT

**I.    INTRODUCTION**

1.      R & R Litigation, LLC, through its legal counsel Wilentz, Goldman & Spitzer, P.A.,

brings this action on behalf of the United States of America, to recover civil damages and penalties

under the federal False Claims Act, 31 U.S.C. § 3729, *et seq.* ("FCA").

2.      This FCA matter relates to fraud in the Paycheck Protection Program ("PPP")

established by the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") in March

2021.  Pub. L. 116-136.

3.      Congress established the Payment Protection Program to assist certain small businesses struggling to continue their operations and make payroll during the Covid-19 pandemic, and Congres funded the PPP with a limited amount of funds to be shared throughout the entire country.

4.      The Defendants in this case consist of 53 business entities that were not eligible to apply for and collect PPP loan funds, yet collected nearly one-hundred million dollars in PPP loan funds in violation of the applicable statutes and regulations.

5.      First, rules concerning eligibility based on affiliation made ten groups of the Defendants ineligible to receive PPP loan funds because their aggregate total number of employees exceeded 500 and their aggregated annual revenues exceeded the threshold to be considered a small business under the Small Business Act.

6.      Second, the Defendants could not certify in good faith, as required on the dates the loans were applied for in 2020, that they qualified as a small business or that the "economic uncertainty" caused by the Covid-19 pandemic made the PPP loan request "necessary to support the ongoing operations of the Applicant."

7.      Those three groups ("Defendant-groups") consist of:

A.      **"Next Step Healthcare Defendants"**: (a) Next Step Healthcare, LLC; (b) Next Step MA Master Subtenant, LLC; (c) Next Step MA NH Gen Master Tenant, LLC; (d) Next Step MA NH Master Tenant, LLC; and (e) Next Step ME Master Subtenant, LLC;

B.      **"Post-Acute Partners Defendants"**: (i) 1019 Wicker Street Operating Company, LLC; (ii) 104 Old Niagra Road Operating Company, LLC; (iii) 111 Ensminger Road Operating Company, LLC; (iv) 112 Ski Bowl Road Operating Company, LLC; (v) 1404 Long Pond Road Operating Company, LLC; (vi) 1818 Como Park Boulevard Operating Company, LLC;

(vii) 185 Old Military Road Operating Company, LLC; (viii) 200 Bassett Road Operating Company, LLC; (ix) 225 Bennett Road Operating Company, LLC; (x) 229 Bennett Road Operating Company, LLC; (xi) 245 Bassett Road Operating Company, LLC; (xii) 2600 Niagara Falls Boulevard AL Operating Company, LLC; (xiii) 2600 Niagara Falls Boulevard Operating Company, LLC; (xiv) 2850 Grand Island Boulevard Operating Company, LLC; (xv) 37 North Chemung Street Operating Company, LLC; (xvi) 44 Ball Street Operating Company, LLC; (xvii) 4459 Bailey Avenue Operating Company, LLC; (xviii) 4800 Bear Road Operating Company, LLC; (xix) 5271 Main Street Operating Company, LLC; (xx) 5775 Maelou Drive Operating Company, LLC; (xi) 580 Orchard Park Road Operating Company, LLC; (xxii) 626 Waterliet Shaker Road Operating Company, LLC; (xxiii) 76 Buffalo Street Operating Company, LLC; (xxiv) Elderwood Administrative Services, LLC; (xxv) Elderwood Development, LLC; (xxvi) Elderwood Staffing Solutions, LLC; (xxvii) Post Acure Partners Management, LLC; (xxviii) Woodmark Pharmacy of CT, LLC; (xxix) Woodmark Pharmacy of Massachusetts, LLC; and (xxx) Woodmark Pharmacy of New York, LLC; and

      C.    **"Vibra Healthcare Defendants":** (i) Vibra Healthcare Corporate, LLC; (ii) Vibra Hospital of Amarillo, LLC; (iii) Vibra Hospital of Boise, LLC; (iv) Vibra Hospital of Charleston, LLC; (v) Vibra Hospital of Fargo, LLC; (vi) Vibra Hospital of Mahoning Valley, LLC; (vii) Vibra Hospital of Northwestern Indiana, LLC; (viii) Vibra Hospital of Richmond, LLC; (ix) Vibra Hospital of Sacramento, LLC; (x) Vibra Hospital of San Bernardino, LLC; (xi) Vibra Hospital of Western Massachusetts, LLC; (xii) Vibra Rehabilitation Hospital of Amarillo, LLC; (xiii) Vibra Rehabilitation Hospital of Denver, LLC; (xiv) Vibra Rehabilitation Hospital of El Paso, LLC; (xv) Vibra Rehabilitation Hospital of Florence, LLC; (xvi) Vibra Rehabilitation

Hospital of Southern Indiana, LLC; (xvii) Vibra Specialty Hospital of Dallas, LLC; and (xviii) Vibra Specialty Hospital of Portland, LLC

8.      Despite their ineligibility, the Defendants violated the FCA by knowingly submitting or causing the submission of false claims to the United States, by knowingly making false records or statements to get false claims paid by the United States, and by retaining funds owed to the United States, via their applications for, and receipt of, funding under the Paycheck Protection Program.

9.      As a result of these false claims, these 53 Defendants received $94,529,683 in PPP loans which they were not eligible to receive.

## II.      JURISDICTION AND VENUE

9.      This action arises under the laws of the United States of America to redress violations of the federal FCA.

10.      Subject-matter jurisdiction is conferred by 31 U.S.C. § 3732(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

11.      The Court has personal jurisdiction over the Next Step Healthcare Defendants, the Post-Acute Partners Defendants, and the Vibra Healthcare Defendants because those Defendants regularly do business in this District and/or are headquartered in this District and/or acted in furtherance of the objectives of their conspiracies with other Defendants in this District.

12.      Venue is appropriate in this District under 28 U.S.C. § 1391(b), (c), and 31 U.S.C. § 3732(a), as at least one Defendant from each Defendant-group does business in this District.

13.      The facts and circumstances of the Defendants' violations of the federal False Claims Act have not been publicly disclosed in a criminal, civil, or administrative hearing; nor in

any congressional, administrative, or general accounting office or auditor general's report, hearing, audit, or investigation, or in the news or media. *See* 31 U.S.C. § 3730(e)(4)(A).

14.     Relator is the original source of the information upon which this Complaint is based, as that phrase is used in the federal FCA, and it has voluntarily provided all of its information of the allegations of this Complaint to the Government prior to filing its Complaint. *See* 31 U.S.C. § 3730(e)(4)(B).

## III.    **THE PARTIES**

### A.    **Relator/Plaintiff**

15.     R & R Litigation, LLC ("Relator"), is a Delaware limited liability company. Its members work in management-level positions in the long-term care pharmacy industry, including the nursing home and assisted living segments, and have experience as lenders, pharmacy providers, and operators of nursing home and assisted living facilities in several states.

16.     Relator's members possess intimate, first-hand knowledge of the inner-workings of the industry, including: (a) the identities of other providers in its industry (including Defendants), (b) the manner and means by which those other companies operate, (c) the ownership, management, and affiliation structures of companies in the industry, and (d) the number of employees of other companies, the companies' financial performances, and the companies' access to the capital markets.

17.     Information possessed by the Relator can conclusively establish that the Defendants were not eligible to receive PPP loan funds and were not eligible for forgiveness of those loans under the CARES Act and Small Business Administration ("SBA") regulations.

**B.**    **The Defendants**

**A.**    **NEXT  STEP HEALTHCARE DEFENDANTS**

18.    The Next Step Healthcare Defendants all operate under the banner of "Next Step Healthcare".

19.    The Next Step Healthcare Defendants all share the same principal place of business: 400 Trade Center, Suite 7950, Woburn, Massachusetts.

20.    The Next Step Healthcare Defendants all share common owners and/or management including Damian Dell'Anno, Chief Executive Officer, and William Stephan, Chief Financial Officer. *See* Next Step Healthcare's website, https://www.nextstephc.com/about (last accessed March 9, 2021).

21.    In 2020, the Next Step Healthcare Defendants certified to employing an aggregate of 1,572 employees at the times they applied for PPP loan funding on April 14, 2020 and April 15, 2020.

22.    In total, the Next Step Healthcare Defendants received $21,027,700 in PPP loan funding in 2020.

**i.**    **Next Step Healthcare, LLC**

23.    Defendant Next Step Healthcare, LLC is a Massachusetts Limited Liability Company with a principal place of business located at 400 Trade Center, Suite 7950, Woburn, MA 01801.

24.    Defendant Next Step Healthcare, LLC operates a nursing home located at 400 Trade Center, Suite 7950, Woburn, MA 01801.

25.    Defendant Next Step Healthcare, LLC's Chief Financial Officer is William Stephan of Woburn, Massachusetts.

26.     Defendant Next Step Healthcare, LLC's Chief Executive Officer is Damian Dell'Anno of Woburn, Massachusetts.

27.     Defendant Next Step Healthcare, LLC received $10,000,000 in PPP loan funds, and listed its number of employees as 500 on its application.

### ii.     Next Step MA Master Subtenant, LLC

28.     Defendant Next Step MA Master Subtenant, LLC is a Massachusetts Limited Liability Company with a principal place of business located at 400 Trade Center, Suite 7950, Woburn, MA 01801.

29.     Defendant Next Step MA Master Subtenant, LLC operates a nursing home located at 400 Trade Center, Suite 7950, Woburn, Massachusetts.

30.     Defendant Next Step MA Master Subtenant, LLC's Chief Financial Officer is William Stephan.

31.     Defendant Next Step MA Master Subtenant, LLC's Chief Executive Officer is Damian Dell'Anno.

32.     Defendant Next Step MA Master Subtenant, LLC received $6,036,200 in PPP loan funds, and listed its number of employees as 500 on its application.

### iii.    Next Step MA NH Gen Master Tenant, LLC

33.     Defendant Next Step MA NH Gen Master Tenant, LLC is a Massachusetts Limited Liability Company with a principal place of business located at 400 Trade Center, Suite 7950, Woburn, Massachusetts.

34.     Defendant Next Step MA NH Gen Master Tenant, LLC operates a nursing home located at 400 Trade Center, Suite 7950, Woburn, Massachusetts.

35.     Defendant Next Step MA NH Gen Master Tenant, LLC's Chief Financial Officer

is William Stephan of Woburn, Massachusetts.

36.     Defendant Next Step MA NH Gen Master Tenant, LLC's Chief Executive Officer is Damian Dell'Anno of Woburn, Massachusetts.

37.     Defendant New Step MA NH Gen Master Tenant, LLC received $750,700 in PPP loan funds, and listed its number of employees as 85 on its application.

### iv.     Next Step MA NH Master Tenant, LLC

38.     Defendant Next Step MA NH Master Tenant, LLC is a Massachusetts Limited Liability Company with a principal place of business located at 400 Trade Center, Suite 7950, Woburn, Massachusetts.

39.     Defendant Next Step MA NH Master Tenant, LLC operates a nursing home located at 400 Trade Center, Suite 7950, Woburn, Massachusetts.

40.     Defendant Next Step MA NH Master Tenant, LLC's Chief Financial Officer is William Stephan of Woburn, Massachusetts.

41.     Defendant Next Step MA NH Master Tenant, LLC's Chief Executive Officer is Damian Dell'Anno of Woburn, Massachusetts.

42.     Defendant Next Step MA NH Master Tenant, LLC received $3,575,500 in PPP loan funds, and listed its number of employees as 364 on its application.

### v.     Next Step ME Master Subtenant, LLC

43.     Defendant Next Step ME Master Subtenant, LLC is a Massachusetts Limited Liability Company with a principal place of business located at 400 Trade Center, Suite 7950, Woburn, MA 01801.

44.     Defendant Next Step ME Master Subtenant, LLC operates a nursing home located at 400 Trade Center, Suite 7950, Woburn, Massachusetts.

45.     Defendant Next Step ME Master Subtenant, LLC's Chief Financial Officer is William Stephan of Woburn, Massachusetts.

46.     Defendant Next Step ME Master Subtenant, LLC's Chief Executive Officer is Damian Dell'Anno of Woburn, Massachusetts.

47.     Defendant Next Step ME Master Subtenant, LLC received $665,300 in PPP loan funds, and listed its number of employees as 123 on its application.

## B.     POST-ACUTE PARTNERS DEFENDANTS

48.     The Post-Acute Partners Defendants are "privately owned by Warren Cole and Dr. Jeffrey Rubin." *See* Post Acute Partners' website, https://www.postacute.com/about-post-acute-partners/ (last accessed March 9, 2021).

49.     The Post-Acute Partners Defendants all operate under the banner of "Elderwood", "Elderwood Healthplan", "Elderwood Home Care", "Elderwood Transportation", "Pediatric Specialty Care", and/or "Woodmark Pharmacy".

50.     The Post-Acute Partners Defendants share a common mailing address: 641 Lexington Ave, 31st Floor, New York, New York.

51.     In 2020, the 30 Post-Acute Partners Defendants certified to employing an aggregate of 3,639 employees at the times they applied for PPP loan funding in April 2020.

52.     In total, the Post-Acute Partners Defendants received $37,075,383 in PPP loan funding in 2020.

### i.     1019 Wicker Street Operating Company, LLC

53.     Defendant 1019 Wicker Street Operating Company, LLC (d/b/a Elderwood at Ticonderoga) is a New York limited liability company with a principal place of business located at 37 N Chemung Street, Waverly, New York.

54.     Defendant 1019 Wicker Street Operating Company, LLC operates a nursing home located at 1019 Wicker Street, Ticonderoga, New York.

55.     Defendant 1019 Wicker Street Operating Company, LLC's Chief Financial Officer is Bob Heyert.

56.     Defendant 1019 Wicker Street Operating Company, LLC received $9,718,923 in PPP loan funds, and listed its number of employees as 123 on its application.

### ii.     104 Old Niagara Road Operating Company, LLC

57.     Defendant 104 Old Niagara Road Operating Company, LLC (d/b/a Elderwood at Lockport) is a New York limited liability company with a principal place of business located at 104 Old Niagara Road, Lockport, New York.

58.     Defendant 104 Old Niagara Road Operating Company, LLC operates a nursing home located at 104 Old Niagara Road, Lockport, New York.

59.     Defendant 104 Old Niagara Road Operating Company, LLC's Chief Financial Officer is Robert Heyert.

60.     Defendant 104 Old Niagara Road Operating Company, LLC received $1,386,550 in PPP loan funds, and listed its number of employees as 177 on its application.

### iii.     111 Ensminger Road Operating Company, LLC

61.     Defendant 111 Emsminger Road Operating Company, LLC (d/b/a Elderwood Assisted Living at Tonawanda) is a New York limited liability company with a principal place of business located at 111 Emsminger Road, Tonawanda, New York.

62.     Defendant 111 Emsminger Road Operating Company, LLC operates an assisted living facility located at 111 Emsminger Road, Tonawanda, New York.

63.     Defendant 111 Emsminger Road Operating Company, LLC's Chief Financial

Officer is Robert Heyert.

64.     Defendant 111 Emsminger Road Operating Company, LLC received $365,488 in PPP loan funds, and listed its number of employees as 51 on its application.

### iv.     112 Ski Bowl Road Operating Company, LLC

65.     Defendant 112 Ski Bowl Road Operating Company, LLC (d/b/a Elderwood at North Creek) is a New York limited liability company with a principal place of business located at 112 Ski Bowl Road, North Creek, New York.

66.     Defendant 112 Ski Bowl Road Operating Company, LLC operates a nursing home located at 112 Ski Bowl Road, North Creek, New York.

67.     Defendant 112 Ski Bowl Road Operating Company, LLC's Chief Financial Officer is Robert Heyert.

68.     Defendant 112 Ski Bowl Road Operating Company, LLC received $862,433 in PPP loan funds, and listed its number of employees as 113 on its application.

### v.     1404 Long Pond Road Operating Company, LLC

69.     Defendant 1404 Long Pond Road Operating Company, LLC (d/b/a Elderwood Village at Greece) is a New York limited liability company with a principal place of business located at 1404 Long Pond Road, Rochester, New York.

70.     Defendant 1404 Long Pond Road Operating Company, LLC operates a nursing home located at 1404 Long Pond Road, Rochester, New York.

71.     Defendant 1404 Long Pond Road Operating Company, LLC received $310,305 in PPP loan funds, and listed its number of employees as 54 on its application.

### vi.     1818 Como Park Boulevard Operating Company, LLC

72.     Defendant 1818 Como Park Boulevard Operating Company, LLC (d/b/a

13

Elderwood at Lancaster) is a New York limited liability company with a principal place of business located at 1818 Como Park Boulevard, Lancaster, New York.

73.    Defendant 1818 Como Park Boulevard Operating Company, LLC operates a nursing home located at 1818 Como Park Boulevard, Lancaster, New York..

74.    Defendant 1818 Como Park Boulevard Operating Company, LLC's Chief Compliance Officer is Gregory B. Hook.

75.    Defendant 1818 Como Park Boulevard Operating Company, LLC received $1,210,075 in PPP loan funds, and listed its number of employees as 173 on its application.

### vii.    185 Old Military Road Operating Company, LLC

76.    Defendant 185 Old Military Road Operating Company, LLC (d/b/a Elderwood of Uihlein at Lake Placid) is a New York limited liability company with a principal place of business located at 185 Old Military Road, Lake Placid, New York.

77.    Defendant 185 Old Military Road Operating Company, LLC operates a nursing home located at 185 Old Military Road, Lake Placid, New York.

78.    Defendant 185 Old Military Road Operating Company, LLC's Chief Compliance Officer is Gregory B. Hook.

79.    Defendant 185 Old Military Road Operating Company, LLC received $1,114,588 in PPP loan funds, and listed its number of employees as 137 on its application.

### viii.    200 Bassett Road Operating Company, LLC

80.    Defendant 200 Bassett Road Operating Company, LLC (d/b/a Elderwood at Williamsville) is a New York limited liability company with a principal place of business located at 200 Bassett Road, Williamsville, New York.

81.    Defendant 200 Bassett Road Operating Company, LLC operates a nursing home

located at 200 Bassett Road, Williamsville, New York.

82.    Defendant 200 Bassett Road Operating Company, LLC's Chief Compliance Officer is Gregory B. Hook.

83.    Defendant 200 Bassett Road Operating Company, LLC received $2,756,900 in PPP loan funds, and listed its number of employees as 346 on its application.

### ix.    225 Bennett Road Operating Company, LLC

84.    Defendant 225 Bennett Road Operating Company, LLC (d/b/a Elderwood at Cheektowaga) is a New York limited liability company with a principal place of business located at 225 Bennett Road, Cheektowaga, New York.

85.    Defendant 225 Bennett Road Operating Company, LLC operates a nursing home located at 225 Bennett Road, Cheektowaga, New York.

86.    Defendant 225 Bennett Road Operating Company, LLC's Chief Compliance Officer is Gregory B. Hook.

87.    Defendant 225 Bennett Road Operating Company, LLC received $1,953,100 in PPP loan funds, and listed its number of employees as 285 on its application.

### x.    229 Bennett Road Operating Company, LLC

88.    Defendant 229 Bennett Road Operating Company, LLC (d/b/a Elderwood Assisted Living at Cheektowaga) is a New York limited liability company with a principal place of business located at 229 Bennett Road, Cheektowaga, New York.

89.    Defendant 229 Bennett Road Operating Company, LLC operates an assisted living facility located at 229 Bennett Road, Cheektowaga, New York.

90.    Defendant 229 Bennett Road Operating Company, LLC's Chief Compliance Officer is Gregory B. Hook.

91.     Defendant 229 Bennett Road Operating Company, LLC received $275,000 in PPP loan funds, and listed its number of employees as 38 on its application.

### xi.    245 Bassett Road Operating Company, LLC

92.     Defendant 245 Bassett Road Operating Company, LLC (d/b/a Elderwood Villlege at Bassett Park) is a New York limited liability company with a principal place of business located at 245 Bassett Road, Williamsville, New York.

93.     Defendant 245 Bassett Road Operating Company, LLC operates a nursing home located at 245 Bassett Road, Williamsville, New York.

94.     Defendant 245 Bassett Road Operating Company, LLC received $358,040 in PPP loan funds, and listed its number of employees as 58 on its application.

### xii.    2600 Niagara Falls Boulevard AL Operating Company, LLC

95.     Defendant 2600 Niagara Falls Boulevard AL Operating Company, LLC (d/b/a Elderwood Assisted Living at Wheatfield) is a New York limited liability company with a principal place of business located at 2600 Niagara Falls Boulevard, Wheatfield, New York.

96.     Defendant 2600 Niagara Falls Boulevard AL Operating Company, LLC operates an assisted living facility located at 2600 Niagara Falls Boulevard, Wheatfield, New York.

97.     Defendant 2600 Niagara Falls Boulevard AL Operating Company, LLC's Chief Compliance Officer is Gregory B. Hook.

98.     Defendant 2600 Niagara Falls Boulevard AL Operating Company, LLC received $206,000 in PPP loan funds, and listed its number of employees as 32 on its application.

### xiii.    2600 Niagara Falls Boulevard  Operating Company, LLC

99.     Defendant 2600 Niagara Falls Boulevard Operating Company, LLC (d/b/a Elderwood at Wheatfield) is a New York limited liability company with a principal place of

16

business located at 2600 Niagara Falls Boulevard, Wheatfield, New York.

100.     Defendant 2600 Niagara Falls Boulevard Operating Company, LLC operates a nursing home located at 2600 Niagara Falls Boulevard, Wheatfield, New York.

101.     Defendant 2600 Niagara Falls Boulevard Operating Company, LLC's Chief Compliance Officer is Gregory B. Hook.

102.     Defendant 2600 Niagara Falls Boulevard Operating Company, LLC received $1,501,593 in PPP loan funds, and listed its number of employees as 209 on its application.

### xiv.     2850 Grand Island Boulevard  Operating Company, LLC

103.     Defendant 2850 Grand Island Boulevard Operating Company, LLC (d/b/a Elderwood at Grand Island) is a New York limited liability company with a principal place of business located at 2850 Grand Island Boulevard, Grand Island, New York.

104.     Defendant 2850 Grand Island Boulevard Operating Company, LLC operates a nursing home located at 2850 Grand Island, Wheatfield, New York.

105.     Defendant 2850 Grand Island Boulevard Operating Company, LLC's Chief Compliance Officer is Gregory B. Hook.

106.     Defendant 2850 Grand Island Boulevard Operating Company, LLC received $893,168 in PPP loan funds, and listed its number of employees as 157 on its application.

### xv.     37 North Chemung Street Operating Company, LLC

107.     Defendant 37 North Chemung Street Operating Company, LLC (d/b/a Elderwood at Waverly) is a New York limited liability company with a principal place of business located at 37 North Chemung Street, Waverly, New York.

108.     Defendant 37 North Chemung Street Operating Company, LLC operates a nursing home located at 37 North Chemung Street, Waverly, New York.

109.    Defendant 37 North Chemung Street Operating Company, LLC's Chief Compliance Officer is Gregory B. Hook.

110.    Defendant 37 North Chemung Street Operating Company, LLC received $2,426,882 in PPP loan funds, and listed its number of employees as 303 on its application.

### xvi.    44 Ball Street Operating Company, LLC

111.    Defendant 44 Ball Street Operating Company, LLC (d/b/a Elderwood Assisted Living at Waverly) is a New York limited liability company with a principal place of business located at 44 Ball Street, Waverly, New York.

112.    Defendant 44 Ball Street Operating Company, LLC operates an assisted living facility located at 44 Ball Street, Waverly, New York.

113.    Defendant 44 Ball Street Operating Company, LLC's Chief Compliance Officer is Gregory B. Hook.

114.    Defendant 44 Ball Street Operating Company, LLC received $150,100 in PPP loan funds, and listed its number of employees as 26 on its application.

### xvii.    4459 Bailey Avenue Operating Company, LLC

115.    Defendant 4459 Bailey Avenue Operating Company, LLC (d/b/a Elderwood at Amherst) is a New York limited liability company with a principal place of business located at 4459 Bailey Avenue, Amherst, New York.

116.    Defendant 4459 Bailey Avenue Operating Company, LLC operates a nursing home located at 4459 Bailey Avenue, Amherst, New York.

117.    Defendant 4459 Bailey Avenue Operating Company, LLC's Chief Compliance Officer is Gregory B. Hook.

118.    Defendant 4459 Bailey Avenue Operating Company, LLC received $1,193,470 in

PPP loan funds, and listed its number of employees as 173 on its application.

### xviii.    4800 Bear Road Operating Company, LLC

119.    Defendant 4800 Bear Road Operating Company, LLC (d/b/a Elderwood at Liverpool) is a New York limited liability company with a principal place of business located at 4800 Bear Road, Liverpool, New York.

120.    Defendant 4800 Bear Road Operating Company, LLC operates a nursing home located at 4800 Bear Road, Liverpool, New York.

121.    Defendant 4800 Bear Road Operating Company, LLC's Chief Compliance Officer is Gregory B. Hook.

122.    Defendant 4800 Bear Road Operating Company, LLC received $2,085,800 in PPP loan funds, and listed its number of employees as 286 on its application.

### xix.    5271 Main Street Operating Company, LLC

123.    Defendant 5271 Main Street Operating Company, LLC (d/b/a Elderwood Village at Williamsville) is a New York limited liability company with a principal place of business located at 5271 Main Street, Williamsville, New York.

124.    Defendant 5271 Main Street Operating Company, LLC operates a nursing home located at 5271 Main Street, Williamsville, New York.

125.    Defendant 5271 Main Street Operating Company, LLC received $458,291 in PPP loan funds, and listed its number of employees as 65 on its application.

### xx.    5775 Maelou Drive Operating Company, LLC

126.    Defendant 5775 Maelou Drive Operating Company, LLC (d/b/a Elderwood at Hamburg) is a New York limited liability company with a principal place of business located at 5775 Maelou Drive, Hamburg, New York.

19

127.    Defendant 5775 Maelou Drive Operating Company, LLC operates a nursing home located at 5775 Maelou Drive, Hamburg, New York.

128.    Defendant 5775 Maelou Drive Operating Company, LLC's Chief Compliance Officer is Gregory B. Hook.

129.    Defendant 5775 Maelou Drive Operating Company, LLC received $1,735,835 in PPP loan funds, and listed its number of employees as 244 on its application.

### xxi.    580 Orchard Park Road Operating Company, LLC

130.    Defendant 580 Orchard Park Road Operating Company, LLC (d/b/a Elderwood Assisted Living at West Seneca) is a New York limited liability company with a principal place of business located at 580 Orchard Park Road, West Senaca, New York.

131.    Defendant 580 Orchard Park Road Operating Company, LLC operates an assisted living facility located at 580 Orchard Park Road, West Seneca, New York.

132.    Defendant 580 Orchard Park Road Operating Company, LLC's Chief Compliance Officer is Gregory B. Hook.

Defendant 580 Orchard Park Road Operating Company, LLC received $423,800 in PPP loan funds, and listed its number of employees as 71 on its application

### xxii.    626 Watervliet Shaker Road Operating Company, LLC

133.    Defendant 626 Watervliet Shaker Road Operating Company, LLC (d/b/a Elderwood Village at Colonie) is a New York limited liability company with a principal place of business located at 626 Watervliet Shaker Road, Latham, New York.

134.    Defendant 626 Watervliet Shaker Road Operating Company, LLC operates a nursing home located at 626 Watervliet Shaker Road, Latham, New York.

135.    Defendant 626 Watervliet Shaker Road Operating Company, LLC received

$289,940 in PPP loan funds, and listed its number of employees as 39 on its application.

### xxiii.     76 Buffalo Street Operating Company, LLC

136.     Defendant 76 Buffalo Street Operating Company, LLC (d/b/a Elderwood Assisted Living at Hamburg) is a New York limited liability company with a principal place of business located at 76 Buffalo Street, Hamburg, New York.

137.     Defendant 76 Buffalo Street Operating Company, LLC operates an assisted living facility located at 76 Buffalo Street, Hamburg, New York.

138.     Defendant 76 Buffalo Street Operating Company, LLC's Chief Compliance Officer is Gregory B. Hook.

139.     Defendant 76 Buffalo Street Operating Company, LLC received $419,432 in PPP loan funds, and listed its number of employees as 72 on its application.

### xxiv.     Elderwood Administrative Services, LLC

140.     Defendant Elderwood Administrative Services, LLC is a Delaware limited liability company with a principal place of business located at 500 Seneca Street, Buffalo, New York.

141.     Defendant Elderwood Administrative Services, LLC's Co-Chief Executive Officer is Warren Cole.

142.     Defendant Elderwood Administrative Services, LLC received $2,681,500 in PPP loan funds, and listed its number of employees as 176 on its application.

### xxv.     Elderwood Development, LLC

143.     Defendant Elderwood Development, LLC is a Delaware limited liability company with a principal place of business located at 500 Seneca Street, Buffalo, New York.

144.     Defendant Elderwood Development, LLC's Co-Chief Executive Officer is Warren Cole.

145.    Defendant Elderwood Development, LLC received $292,915 in PPP loan funds, and listed its number of employees as 20 on its application.

### xxvi.    Elderwood Staffing Solutions, LLC

146.    Defendant Elderwood Staffing Solutions, LLC is a Delaware limited liability company with a principal place of business located at 500 Seneca Street, Buffalo, New York.

147.    Defendant Elderwood Staffing Solutions, LLC's Co-Chief Executive Officer is Warren Cole.

Defendant Staffing Solutions, LLC received $237,100 in PPP loan funds, and listed its number of employees as 68 on its application.

### xxvii.    Post Acute Partners Management, LLC

148.    Defendant Post Acute Partners Management, LLC (d/b/a Elderwood) is a Delaware limited liability company with a principal place of business located at 641 Lexington Ave 31st Floor, New York, New York.

149.    Defendant Post Acute Partners Management, LLC corporate office is located at 641 Lexington Ave 31st Floor, New York, New York.

150.    Defendant Post Acute Partners Management, LLC, share common owners Jeffrey Rubin and Warren Cole.

151.    Defendant Post Acute Partners Management, LLC received $281,100 in PPP loan funds, and listed its number of employees as 10 on its application.

### xxviii.    Woodmark Pharmacy of CT, LLC

152.    Defendant Woodmark Pharmacy of CT, LLC (d/b/a Woodmark Pharmacy) is a Connecticut limited liability company with a principal place of business located at 41 Northwest Drive, Plainville, Connecticut.

153.    Defendant Woodmark Pharmacy of CT, LLC, share common owners Jeffrey Rubin and Warren Cole.

154.    Defendant Woodmark Pharmacy of CT, LLC received $239,242 in PPP loan funds, and listed its number of employees as 21 on its application.

### xxix.    Woodmark Pharmacy of Massachusetts, LLC

155.    Defendant Woodmark Pharmacy of Massachusetts, LLC (d/b/a Woodmark Pharmacy) is a Delaware limited liability company with a principal place of business located at 69 Hickory Drive, Suite 1, Waltham, Massachusetts.

156.    Defendant Woodmark Pharmacy of Massachusetts, LLC, shares common owners Jeffrey Rubin and Warren Cole.

157.    Defendant Woodmark Pharmacy of Massachusetts, LLC received $578,955 in PPP loan funds, and listed its number of employees as 33 on its application.

### xxx.    Woodmark Pharmacy of New York, LLC

158.    Defendant Woodmark Pharmacy of New York, LLC (d/b/a Woodmark Pharmacy) is a Delaware limited liability company with a principal place of business located at 1142 Wehrle Drive, Williamsville, New York.

159.    Defendant Woodmark Pharmacy of New York, LLC, shares common owners Jeffrey Rubin and Warren Cole.

160.    Defendant Woodmark Pharmacy of New York, LLC received $668,858 in PPP loan funds, and listed its number of employees as 79 on its application.

## C.    **VIBRA HEALTHCARE DEFENDANTS**

161.    The Vibra Healthcare Defendants all operate under the banner of "Vibra Healthcare" and operate in Massachusetts, California, Colorado, Idaho, Indiana, Kentucky, Michigan, North Dakota, Ohio, Oregon, Pennsylvania, South Carolina, Texas, Virgina,

162.    According the Vibra Healthcare Defendants' website, Vibra Healthcare operates 45 locations in 14 states and employs "6,000+" employees. *See* Vibra Healthcare's website, https://vibrahealthcare.com/about-vibra-healthcare/company-history/ (last accessed March 9, 2021).

163.    The Vibra Healthcare Defendants all share one common headquarters: 4600 Lena Drive, Mechanicsburg, Pennsylvania.

164.    The Vibra Healthcare Defendants all share common ownership and/or management under Brad Hollinger, Chairman and Chief Executive Officer of Vibra Healthcare.

165.    The Vibra Healthcare Defendants all submitted their PPP loan applications through Orrstown Bank on or about April 4 and 15, 2020.

166.    The Vibra Healthcare Defendants certified to employing an aggregate of 3,639 employees at the times they applied for PPP loan funding.

167.    In total, the Vibra Healthcare Defendants received $36,426,600 in PPP loan funding in 2020.

### i.    **Vibra Healthcare Corporate, LLC**

168.    Defendant Vibra Healthcare Corporate, LLC is a Delaware limited liability company with a principal place of business located at 4600 Lena Drive, Mechanicsburg, Pennsylvania.

169.    Defendant Vibra Healthcare, LLC received $3,815,700 in PPP loan funds, and

24

listed its number of employees as 219 on its application.

### ii.    Vibra Hospital of Amarillo, LLC

170.    Defendant Vibra Hospital of Amarillo, LLC is a Delaware limited liability company with its business address located at 4600 Lena Drive, Mechanicsburg, Pennsylvania.

171.    Defendant Vibra Hospital of Amarillo, LLC operates a long-term acute care hospital located at 7501 Wallace Boulevard, Amarillo, Texas.

172.    Defendant Vibra Healthcare of Amarillo, LLC received $1,635,500 in PPP loan funds, and listed its number of employees as 144 on its application.

### iii.    Vibra Hospital of Boise, LLC

173.    Defendant Vibra Hospital of Boise, LLC is a Delaware limited liability company with its business address located at 4600 Lena Drive, Mechanicsburg, Pennsylvania.

174.    Defendant Vibra Hospital of Boise, LLC operates a long-term acute care hospital located at 5561 West Franklin Road, Boise, Idaho.

175.    Defendant Vibra Hospital of Boise, LLC received $1,538,700 in PPP loan funds, and listed its number of employees as 135 on its application.

### iv.    Vibra Hospital of Charleston, LLC

176.    Defendant Vibra Hospital of Charleston, LLC is a Delaware limited liability company with its business address located at 4600 Lena Drive, Mechanicsburg, Pennsylvania.

177.    Defendant Vibra Hospital of Charleston, LLC operates a long-term acute care hospital located at 1200 Hospital Drive, Mount Pleasant, South Carolina.

178.    Defendant Vibra Hospital of Charleston, LLC received $2,035,800 in PPP loan funds, and listed its number of employees as 184 on its application.

### v. Vibra Hospital of Fargo, LLC

179.    Defendant Vibra Hospital of Fargo, LLC is a Delaware limited liability company with its business address located at 4600 Lena Drive, Mechanicsburg, Pennsylvania.

180.    Defendant Vibra Hospital of Fargo, LLC operates a long-term acute care hospital located at 5225 23rd Avenue South, 7th Floor, Fargo, North Dakota.

181.    Defendant Vibra Hospital of Fargo, LLC received $1,099,200 in PPP loan funds, and listed its number of employees as 97 on its application.

### vi. Vibra Hospital of Mahoning Valley, LLC

182.    Defendant Vibra Hospital of Mahoning Valley, LLC is a Delaware limited liability company with its business address located at 4600 Lena Drive, Mechanicsburg, Pennsylvania.

183.    Defendant Vibra Hospital of Mahoning Valley, LLC operates a long-term acute care hospital located at 8049 South Avenue, Boardman, Ohio

184.    Defendant Vibra Hospital of Mahoning Valley, LLC received $1,387,200 in PPP loan funds, and listed its number of employees as 152 on its application.

### vii. Vibra Hospital of Northwestern Indiana, LLC

185.    Defendant Vibra Hospital of Northwestern Indiana, LLC is a Delaware limited liability company with its business address located at 4600 Lena Drive, Mechanicsburg, Pennsylvania.

186.    Defendant Vibra Hospital of Northwestern Indiana, LLC operates a long-term acute care hospital located at 9509 Georgia Street, Crown Point, Indiana.

187.    Defendant Vibra Hospital of Northwestern Indiana, LLC received $1,590,300 in PPP loan funds, and listed its number of employees as 166 on its application.

### viii.     Vibra Hospital of Richmond, LLC

188.     Defendant Vibra Hospital of Richmond, LLC is a Delaware limited liability company with its business address located at 4600 Lena Drive, Mechanicsburg, Pennsylvania.

189.     Defendant Vibra Hospital of Richmond, LLC operates a long-term acute care hospital located at 2220 Edward Holland Drive, Richmond, Virginia.

190.     Defendant Vibra Hospital of Richmond, LLC received $2,187,300 in PPP loan funds, and listed its number of employees as 183 on its application.

### ix.     Vibra Hospital of Sacramento, LLC

191.     Defendant Vibra Hospital of Sacramento, LLC is a Delaware limited liability company with its business address located at 4600 Lena Drive, Mechanicsburg, Pennsylvania.

192.     Defendant Vibra Hospital of Sacramento, LLC operates a long-term acute care hospital located at 330 Montrose Drive, Folsom, California.

193.     Defendant Vibra Hospital of Sacramento, LLC received $3,141,100 in PPP loan funds, and listed its number of employees as 253 on its application.

### x.     Vibra Hospital of San Bernardino, LLC

194.     Defendant Vibra Hospital of San Bernardino, LLC (d/b/a Ballard Rehabilitation Hospital) is a Delaware limited liability company with its business address located at 4600 Lena Drive, Mechanicsburg, Pennsylvania.

195.     Defendant Vibra Hospital of San Bernardino, LLC operates a rehabilitation hospital located at 1760 West 16th Street, San Bernardino, California.

196.     Defendant Vibra Hospital of San Bernardino, LLC received $2,193,000 in PPP loan funds, and listed its number of employees as 224 on its application.

### xi.    Vibra Hospital of Western Massachusetts, LLC

197.    Defendant Vibra Hospital of Western Massachusetts, LLC is a Delaware limited liability company with its business address located at 4600 Lena Drive, Mechanicsburg, Pennsylvania.

198.    Defendant Vibra Hospital of Western Massachusetts, LLC operates long-term acute care hospital located at 111 Huntoon Memorial Highway, Rochdale, Massachusetts.

199.    Defendant Vibra Hospital of Western Massachusetts, LLC received $2,654,600 in PPP loan funds, and listed its number of employees as 265 on its application.

### xii.    Vibra Rehabilitation Hospital of Amarillo, LLC

200.    Defendant Vibra Rehabilitation Hospital of Amarillo, LLC is a Delaware limited liability company with its business address located at 4600 Lena Drive, Mechanicsburg, Pennsylvania.

201.    Defendant Vibra Rehabilitation Hospital of Amarillo, LLC operates a rehabilitation hospital located at 7200 West 9th Avenue, Amarillo, Texas.

202.    Defendant Vibra Rehabilitation Hospital of Amarillo, LLC received $1,009,600 in PPP loan funds, and listed its number of employees as 128 on its application.

### xiii.    Vibra Rehabilitation Hospital of Denver, LLC

203.    Defendant Vibra Rehabilitation Hospital of Denver, LLC is a Delaware limited liability company with its business address located at 4600 Lena Drive, Mechanicsburg, Pennsylvania.

204.    Defendant Vibra Rehabilitation Hospital of Denver, LLC operates a rehabilitation hospital located at 8451 Pearl Street, #101, Thornton, Colorado.

205.    Defendant Vibra Rehabilitation Hospital of Denver, LLC received $1,079,500 in

PPP loan funds, and listed its number of employees as 89 on its application.

**xiv.**      **Vibra Rehabilitation Hospital of El Paso, LLC**

206.      Defendant Vibra Rehabilitation Hospital of El Paso, LLC (d/b/a Highlands Rehabilitation Hospital) is a Delaware limited liability company with its business address located at 4600 Lena Drive, Mechanicsburg, Pennsylvania.

207.      Defendant Vibra Rehabilitation Hospital of El Paso, LLC operates a rehabilitation hospital located at 1395 George Dieter Drive, El Paso, Texas.

208.      Defendant Vibra Rehabilitation Hospital of El Paso, LLC received $1,680,600 in PPP loan funds, and listed its number of employees as 238 on its application.

**xv.**      **Vibra Rehabilitation Hospital of Florence, LLC**

209.      Defendant Vibra Rehabilitation Hospital of Florence, LLC (d/b/a Gateway Rehabilitation Hospital) is a Delaware limited liability company with its business address located at 4600 Lena Drive, Mechanicsburg, Pennsylvania.

210.      Defendant Vibra Rehabilitation Hospital of Florence, LLC operates a rehabilitation hospital located at 5940 Merchants Street, Florence, Kentucky.

211.      Defendant Vibra Rehabilitation Hospital of Florence, LLC received $1,840,600 in PPP loan funds, and listed its number of employees as 320 on its application.

**xvi.**      **Vibra Rehabilitation Hospital of Southern Indiana, LLC**

212.      Defendant Vibra Rehabilitation Hospital of Southern Indiana, LLC (d/b/a Southern Indiana Rehabilitation Hospital) is a Delaware limited liability company with its business address located at 4600 Lena Drive, Mechanicsburg, Pennsylvania.

213.      Defendant Vibra Rehabilitation Hospital of Southern Indiana, LLC operates a rehabilitation hospital located at 3104 Blackiston Boulevard, New Albany, Indiana.

29

214.    Defendant Vibra Rehabilitation Hospital of Southern Indiana, LLC received $2,346,500 in PPP loan funds, and listed its number of employees as 374 on its application.

### xvii.    Vibra Specialty Hospital of Dallas, LLC

215.    Defendant Vibra Specialty Hospital of Dallas (d/b/a Vibra Specialty Hospital of DeSoto) is a Delaware limited liability company with its business address located at 4600 Lena Drive, Mechanicsburg, Pennsylvania.

216.    Defendant Vibra Specialty Hospital of Dallas, LLC operates a long-term acute care hospital located at 2700 Walker Way, DeSoto, Texas.

217.    Defendant Vibra Specialty Hospital of Dallas, LLC received $2,692,400 in PPP loan funds, and listed its number of employees as 232 on its application.

### xviii.    Vibra Specialty Hospital of Portland, LLC

218.    Defendant Vibra Specialty Hospital of Portland (d/b/a Vibra Specialty Hospital of DeSoto) is a Delaware limited liability company with its business address located at 4600 Lena Drive, Mechanicsburg, Pennsylvania.

219.    Defendant Vibra Specialty Hospital of Portland, LLC operates a long-term acute care hospital located at 10300 NE Hancock Street, Portland, Oregon.

220.    Defendant Vibra Specialty Hospital of Portland, LLC received $2,499,000 in PPP loan funds, and listed its number of employees as 236 on its application.

## IV.    ELIGIBILITY CRITERIA FOR PPP LOANS

221.    Congress implemented and funded the Paycheck Protection Program to protect small businesses and the individuals they employ during the Covid-19 pandemic.

222.    The Defendants were not "small businesses" eligible for PPP loans.

223.    Under SBA affiliation regulations, the aggregate total of each Defendant-group's revenue and number of employees exceeded the maximum thresholds to qualify as a small business.

224.    The SBA regulations defining small businesses went into effect well before the onset of the Covid-19 pandemic and have been used to determine eligibility for a wide range of programs offered by the SBA.

225.    Although SBA regulations may be complicated for a small, independent "Mom and Pop shop," the Defendant-groups in this case are sophisticated businesses operating in a highly regulated industry and make use of financial and legal professional services on a regular basis during the course of their operations.

226.    The owners, managers, and agents of the Defendant-groups knew and understood the PPP loan eligibility criteria and chose to apply for PPP loans in a manner that would make each individual Defendant appear on paper to meet the criteria for eligibility.

227.    By fraudulently avoiding the SBA's affiliation rules, the Defendants succeeded in obtaining a windfall of cash at the expense of American taxpayers.

A. **An Overview of the CARES Act and the Paycheck Protection Program**

228.    In March 2020, Congress approved the CARES Act and set aside $349 billion for the relief of small businesses, to be administered by the Small Business Administration in the form of the PPP.

229.    Under the terms of the program, small businesses could receive up to $10 million in emergency financing from private lenders backed by the SBA if they met all eligibility criteria. Pub. L. 116–136, div. A, title I, §1102, Mar. 27, 2020.

230.    To define a "small business" under the CARES Act, Congress adopted the definition of "small business concern" under section 3 of the Small Business Act, 15 U.S.C. 636. Pub. L. 116–136, div. A, title I, §1101, Mar. 27, 2020.

231.    Regulations under the Small Business Act establish thresholds for annual receipts to determine whether a business is a "small business concern." 13 C.F.R. §121.201.

232.    By way of example, an assisted living facility for the elderly is only considered a small business if its annual receipts are below $12,000,000, and a nursing care facility is only considered a small business if its annual receipts are below $30,000,000.

233.    An "alternative size standard" may also allow a business to qualify for a PPP loan if it: (a) had a maximum tangible net worth of not more than $15 million, and (b) had an average net income after Federal income taxes (excluding any carry-over losses) of not more than $5 million for the last two fiscal years before the date of the application.

234.    In addition to revenue and value-based eligibility criteria, the CARES Act also expanded eligibility to include businesses that employed 500 or fewer employees. Pub. L. 116–136, div. A, title I, §1102, Mar. 27, 2020.

235.    Therefore, if a business employed greater than 500 employees, had annual receipts in excess of the threshold established for that business by the Small Business Act, and failed to satisfy the alternative size standard, the business was clearly not eligible to apply for or obtain PPP loan funds.

**B. <u>Aggregating Affiliates' Employees and Revenue</u>**

236.    SBA affiliation rules and principles require applicants to aggregate the number of employees or revenue of their affiliates for the purpose of determining whether the applicant is eligible for a PPP loan. 13 C.F.R. §121.103.

237.    Affiliation exists when one business controls or has the power to control another or when a third party controls or has the power to control both businesses, and control may arise through ownership, management, or other relationships or interactions between the parties.

238.    For determining affiliation based on ownership, a business is an affiliate of an individual, concern, or entity that owns or has the power to control more than 50 percent of the business' voting equity.

239.    For determining affiliation based on management, affiliation arises where: (a) the Chief Executive Office or President of one business (or other officers, managing members, or partners who control the management of the applicant) also controls the management of one or more other businesses; (b) a single individual, concern, or entity that controls the Board of Directors or management of one business also controls the Board of Directors or management of one or more other businesses; or (c) where a single individual, concern, or entity controls the management of a business through a management agreement.

240.    For determining affiliation based on other relationships, affiliation arises when there is an identity of interest between close relatives, as defined in 13 C.F.R. 120.10, with identical or substantially identical business or economic interests.

241.    As applied to the Defendants in this case, the SBA's affiliation rules rendered all Defendants ineligible to apply for or receive PPP loan funds at any time in 2020.

242.    The Next Step Healthcare Defendants share common ownership and/or management under Chief Executive Officer Damian Dell'Anno and Chief Financial Officer William Stephan, rendering them affiliates based on ownership and management for purposes of PPP loan eligibility.

243.    The Post-Acute Partners Defendants share common ownership under Warren Cole and Dr. Jeffrey Rubin, rendering them affiliates based on ownership for purposes of PPP loan eligibility.

244.    The Vibra Healthcare Defendants share common ownership and/or management under Chairman and Chief Executive Officer Brad Hollinger, rendering them affiliates based on ownership and management for purposes of PPP loan eligibility.

### C. Forgiveness and Non-Taxable Income

245.    Any small business that received a PPP loan was eligible, in 2020, to have the entirety of the loan forgiven by the federal government if it could prove: (1) employee and compensation levels were maintained, (2) the loan proceeds were spent on payroll costs and other eligible expenses, and (3) at least 60 percent of the net proceeds were spent on payroll costs.

246.    The most basic requirement for forgiveness was that the small business was eligible to receive a PPP loan at the time it applied for that loan.

247.    Under the CARES Act, the forgiven loan amounts were expressly classified as non-taxable income to the small businesses receiving the PPP loans, which provided much needed relief to the *eligible* and *intended* recipients.

### D. "Necessity" Certification

248.    Throughout the loan application and forgiveness application processes, businesses were required to certify that they met certain eligibility requirements.

249.    At the time a loan application was submitted, a small business was required to certify that the "current economic uncertainty makes this loan request necessary to support the ongoing operations of the applicant" (the "Necessity Certification").

250.     In determining necessity, the SBA issued guidance on April 23, 2020, instructing businesses to evaluate "their current business activity and their ability to access other sources of liquidity." *See* SBA's website, https://www.sba.gov/sites/default/files/2020-04/Paycheck-Protection-Program-Frequently-Asked-Questions_04%2023%2020.pdf (last accessed March 8, 2021).

251.     Unlike most small businesses, federal tax dollars were distributed to skilled nursing facilities from various sources in the early stages in the pandemic, both before and after PPP loans were made available to the public, which prevented a PPP loan from being a necessity for any Defendant in this case.

252.     As one example, prior to the distribution of PPP loans, the Center for Medicare & Medicaid Services distributed aid to skilled nursing facilities based on their recent billing data.

253.     As another, soon after distribution of PPP loan funds began, the CARES Act provided for $10 billion in funding dedicated exclusively to skilled nursing facilities, which was quickly distributed to skilled nursing homes throughout the nation.

## V.     The Federal False Claims Act

254.     The federal False Claim Act ("federal FCA") provides, in pertinent part that:

> any person who (1) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; (2) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; (3) conspires to violate the FCA; or (4) knowingly retains overpayments which should be returned to the United States, "is liable to the United States Government for a civil penalty of not less than $11,000.00 and not more than $22,000.00, plus three times the amount of damages which the Government sustains because of the act of that person."

31 U.S.C. § 3729(a)(1)(A), (B), (C), (G).

255.     For purposes of the FCA, "the terms 'knowing' and 'knowingly' mean that a

person, with respect to information – (i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information; and (B) require no proof of specific intent to defraud". 31 U.S.C. § 3729(b)(1).

256.    The term "claim" means any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that (1) is presented to an officer, employee, or agent of the United States; or (2) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government: (1) provides or has provided any portion of the money or property requested or demanded; or (2) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded. 31 USC § 3729(b)(2)(A).

## VI.    **THE DEFENDANTS' FRAUD SCHEME**

257.    The Defendants were ineligible to receive PPP loan funds due to the relevant affiliation rules and a lack of necessity.

258.    As to the affiliation rules, Relator is familiar with the operations of the Defendants and the facts and circumstances pertaining to the sizes of their operations and sources of income.

259.    The aggregated revenues of each of the three Defendant-groups greatly exceeded the annual revenue amounts required to be eligible for PPP loan funds.

260.    The aggregated tangible net worth and the aggregated net income after federal income taxes of each Defendant-group rendered each Defendant-group ineligible to qualify for a PPP loan using the alternative size standard criteria.

261.    In addition, the total aggregated number of employees of each of the three Defendant-groups made the Defendants ineligible to receive PPP loan funds.

262.    At the time each Defendant completed its PPP loan application, each Defendant certified to the total number of its employees.

263.    The spreadsheet attached hereto as "Attachment A" includes the name of each Defendant, the number of employees listed on each Defendant's application, the total amount of PPP loan funds received by each Defendant, and the group and owner/manager with which each Defendant is affiliated.

264.    Based on the employee figures provided by the Defendants, the aggregate total number of employees for each group of Defendants clearly exceeded 500.

265.    By fraudulently avoiding the affiliation rules, the Defendants were able to obtain PPP loans they were not eligible to receive while also avoiding the $10 million maximum benefit that would have applied to each Defendant-group had those groups been eligible for PPP loans.

266.    As to lacking necessity, the Defendants faced minimal liquidity problems, if any, in the early stages of the pandemic and their business activities were not significantly altered at the time their applications were submitted.

267.    Specifically, Relator possesses knowledge of facts and circumstances in the skilled nursing facility industry in the early stages of the Covid-19 pandemic to support the assertions that the Defendants had access to capital markets, financing sources, and additional sources of financial relief from the CARES Act and the Centers for Medicare & Medicaid Services, and that the Defendants did not suffer significant loss of their ability to conduct business or collect revenue.

268.    Nevertheless, the owners, managers, and/or agents of the Defendants knowingly submitted applications for PPP loan funds on behalf of their respective businesses, received PPP loan funds as a result thereof, and failed to return the fraudulently received funds.

269.    Further, upon information and belief, Defendants applied for and received forgiveness of the PPP loans they received, resulting in a windfall of non-taxable income to the Defendants.

270.    In order to qualify for a PPP loan, an authorized representative of each Defendant was required to certify to the following:

    a.   "The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) (the Paycheck Protection Program Rule)."

    b.   "The Applicant (1) is an independent contractor, eligible self-employed individual, or sole proprietor or (2) employs no more than the greater of 500 or employees or, if applicable, the size standard in number of employees established by the SBA in 13 C.F.R. 121.201 for the Applicant's industry."

    c.   "During the period beginning on February 15, 2020 and ending on December 31, 2020, the Applicant has not and will not receive another loan under the Paycheck Protection Program."

    d.   "I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain

a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000."

271.    Applicants were also required to disclose "all owners of 20% or more of the equity of the Applicant" on each application.

272.    Therefore, the Defendants committed violations of the federal FCA with each false certification to the facts included in Paragraphs 270(a)-(d), *above*, and by failing to disclose "all owners of 20% or more of the equity of the Applicant."

273.    Further, the Defendants committed additional violations of the federal FCA by receiving PPP loan funds, receiving the benefits of those loans without paying market-rate interest and fees, applying for forgiveness of those loans, and receiving the benefit of loan forgiveness without paying any federal taxes on the forgiven loan amounts.

## COUNT I
### (ALL DEFENDANTS INDIVIDUALLY)
### VIOLATIONS OF THE FEDERAL FALSE CLAIMS ACT
### 31 U.S.C. § 3729(a)(1)(A), (B), (G)

274.    Relator re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

275.    The false and fraudulent claims knowingly submitted, or caused to be submitted, by the Defendants for PPP funds constitute violations of the federal False Claims Act. 31 U.S.C. § 3729(a)(1)(A).

276.     The averments in their applications for PPP funds included false statements and records, which were knowingly made by the Defendants, which also constitute a violation of the federal False Claims Act.  31 U.S.C. § 3729(a)(1)(B).

277.     Defendants, directly or through their employees, contractors, or agents, knowingly made, used, or caused to be made or used, false records or false statements to conceal, avoid, or decrease an obligation by Defendants to pay to transmit money or property to the United States, in violation of the federal False Claims Act.  31 U.S.C. § 3729(a)(1)(G).

278.     All of the Defendants' conduct described in this Complaint was "knowing," as that term is used in the False Claims Act.

279.     As a result, the government, its contractors, or its agents relied on the false statements made by the Defendants and issued and forgave loans based upon those statements.

280.     Each Defendant is jointly and severally liable for the government's damages under the False Claims Act for acts committed by other Defendants in the same Defendant-group as articulated in this Complaint.

**WHEREFORE**, Relator requests the following relief:

A. Judgment against Defendants for three times the amount of damages the United States has sustained because of their actions, plus the maximum civil penalty allowed by law for each violation of the federal False Claims Act;

B. Twenty-five percent (25%) of the proceeds of this action if the United States elects to intervene, and thirty percent (30%) if it does not;

C. Their attorneys' fees, litigation and investigation costs, and expenses; and

D. Such other relief as the Court deems just and appropriate.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby demands a trial by jury.

Respectfully submitted,

ANDERSON & KREIGER, LLP

Date:  March 25, 2021          BY: _____

Lon F. Povich, Esq. (BBO #544523)
David S. Mackey, Esq. (BBO #542277)
Anderson & Kreiger, LLP
50 Milk Street, 21st Fl.
Boston Massachusetts 02109
(617) 621-6500

WILENTZ, GOLDMAN & SPITZER, P.A.

By:    John E. Keefe, Jr., Esq.
Christopher J. Keating, Esq.
Wilentz, Goldman & Spitzer, P.A.
125 Half Mile Road, Suite 100
Red Bank, NJ  07701
(732) 636-8000

*Attorneys for Plaintiff-Relator*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Complaint for Violations of

the Federal False Claims Act has been served upon the following on the date and in the manner

listed below:

## VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED:

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Civil Process Clerk
U.S. Attorney's Office – District of Massachusetts
John Joseph Moakley United States Federal Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

Respectfully submitted,

Date:  March 25, 2021

Lon F. Povich, Esq.
David S. Mackey, Esq.
Anderson & Kreiger, LLP
50 Milk Street, 21st Fl.
Boston Massachusetts 02109
(617) 621-6500